JAMES MELLANEY *v.* JOHN C. YOUNG.

**Suit on Contract—Counterclaim—Pleading.**

> A counterclaim for damages growing out of a contract is bad which fails to state the amount of damages sustained, or to demand a recovery of any stated sum.

**Pleading.**

> Before a breach of contract can be relied upon as a defense to an action to collect the contract price, it must be pleaded by the defendant.

APPEAL FROM FAYETTE CIRCUIT COURT.

October 19, 1874.

OPINION BY JUDGE LINDSAY:

Appellant's answer can not be regarded as presenting a good counterclaim. After avering certain of his contract breaches by appellee, appellant says he has been injured thereby, "to the extent of" blank dollars. Again he says that in order to put the cistern in repair, he was compelled to expend blank dollars, and he concludes by praying for judgment in the way of damages for the sum of blank dollars. It was not necessary to reply to this answer. If the petition had been dismissed, no judgment could have been rendered in appellant's favor on his counterclaim. It is true he shows breaches of contract on which an action would lie, but in view of the rule that the jury cannot give more damages than are laid at the end of the declaration, appellant, upon his pleadings, could have recovered nothing.

The breaches of contract averred may be regarded as presenting a defense to appellee's action, and to the extent that damages on account thereof are proved, there should be no recovery.

The first ground of defense is that appellee failed to finish the house within the agreed time; the 2nd. that he failed to put pressed brick in the front walls; the 3rd. that he failed to put on the coats of plastering; the 4th. that he did not put on the coats of paint; the 5th that the cistern was not built according to contract; the 6th. that appellant was not to pay the balance due on the house until he collected certain claims from the city of Lexington.

As to the 1st. and 2nd. grounds of complaint, there is absolute failure to prove any damage whatever. As to the 4th. ground, the proof shows that at least two coats of paint were put on all that portion of the house appellee was bound by his contract to paint. As

to the 3rd. ground, the proof is conflicting, but it rather tends to show that the house was plastered according to contract. The proof does not show that the work on the cistern was not well done, but that the plan upon which it was constructed was a bad one. There is nothing to show that appellee was responsible for the plan.

Appellant does not prove that appellee was not to be paid until the debts due him from the city of Lexington were collected. The testimony upon this branch of the case was at least equipoised, and the *onus* was upon appellant to establish the agreement to postpone the payment of the debt, which otherwise would be due upon the completion of the house.

As to the damages for failing to make the stairs of the house as high as the contract required, and for failing to make the tops of the windows circular in form, and as to the defect in stairway, and in setting the grates, it is sufficient to say no such breaches of the contract are set up and relied on in the answer.

We perceive no reversible error in the judgment. It is therefore *affirmed.*

*Huston & Mulligan, for appellant.*
*M. C. Johnson, for appellee.*